IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM M. RAMSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-03-745-D |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is the Motion for Attorney Fees Under 42 U. S. C. § 406(b) filed herein by

Plaintiff's counsel [Doc. No. 24].  Counsel seeks approval of an attorney fee of $20,000.00 for legal

work before this Court in connection with Plaintiff's receipt of Social Security benefits, to be paid

to counsel pursuant to the contingent fee contract executed by Plaintiff.  Plaintiff's counsel states

that the amount approved by the Court will be paid to counsel from the past-due benefits awarded

by the Social Security Administration after it reconsidered Plaintiff's claim following this Court's

previous judgment remanding this case for further proceedings.  Upon receipt of the approved fee,

counsel will then refund to Plaintiff the $6,000.00  attorney fee previously awarded and paid

pursuant to the June 28, 2004 Order [Doc. No. 22] determining that Plaintiff is entitled to that

amount as the prevailing party under the Equal Access to Justice Act, 28 U. S. C. § 2412(d)

("EAJA").

Defendant has timely responded to the Motion, acknowledging that he is not the true party

in interest and has no financial stake in the outcome of the motion.  *See Gisbrecht v. Barnhart*, 535

U.S. 789, 798  n.6 (2002).  Defendant discusses the standards to be employed by the Court in ruling

on a motion for § 406(b) fees, and does not take a position with regard to the reasonableness of the fee requested by counsel in this case.

Section 406(b) fees are available when a court remands a case for further proceedings and the agency issues a favorable ruling on remand. *McGraw v. Barnhart*, 450 F. 3d 493, 502 (10th Cir. 2006).   The amount of the attorney fee awarded cannot exceed 25 percent of the total of the past-due benefits.  42 U. S. C. § 406(b)(1).   However, a fee award is not mandatory; if awarded, a fee is not required to consist of 25 percent of the past due benefits, as that amount represents a ceiling on the fee award.  *Gisbrecht*, 535 U.S. at 807.  Instead, the amount of the fee must  be reasonable for the services rendered.  *Id.*

As counsel notes in the Motion, the Court's Order reversing and remanding this matter to Defendant for further proceedings was issued on April 19, 2004 [Doc. No. 17].   On remand, it was determined that Plaintiff is entitled to past-due benefits.  Pursuant to the Defendant's May 20, 2008 notice,  the agency continues to hold $30,538.75 for payment of fees.     Plaintiff's Motion, Attachment 2.  Notwithstanding the fact that the matter was remanded in 2004, Plaintiff's counsel was not aware of the  favorable decision and the award of past-due benefits until counsel received the May 20, 2008 notice.   This motion was filed seven days after the date of that notice.

Before determining the amount of a reasonable fee, the Court must first find that the motion for a fee award is timely.  There is no deadline prescribed by the statute.  However, a motion for attorney fees pursuant to § 406(b) must be filed within a reasonable time following the award of benefits. *McGraw*, 450 F. 3d at 505.   In this case, counsel for Plaintiff states that the date of the award is not clear because the May 20, 2008 notice received by counsel did not include that date. Counsel for Defendant agrees that the award date is unclear, and he does not dispute the timeliness

2

of the fee request.   There is no evidence before the Court suggesting that Plaintiff's counsel delayed in filing the request for fees.   Because the Motion was filed seven days after the May 20, 2008 notice, and there is no evidence that counsel was aware of the award of past-due benefits prior to that date,  the Court concludes that the Motion is timely.

The Court must also independently review the § 406(b) fee request to ensure that it satisfies the statutory purpose of yielding a reasonable result. *Gisbrecht*, 535 U.S. at 806.   The attorney for the successful claimant bears the burden of establishing the reasonableness of the fee requested. *Id.* at 807 n. 17.

In support of the requested fee in this case, counsel provides a copy of a contingent fee contract executed by Plaintiff and his counsel.   Attachment 1 to the Motion.   In that contract, Plaintiff agreed to pay counsel a fee of 25 percent of any past-due benefits obtained if he ultimately received a favorable decision and was awarded benefits.   The contract also provides that any fee paid pursuant to its terms will be offset by fees awarded pursuant to EAJA.   Counsel states that, if the Court approves the requested fee of $20,000.00, the previously awarded EAJA fee of $6,000.00 will be refunded to Plaintiff and the balance retained by counsel as the full attorney fee for the representation in this case.   That procedure is consistent with the parties'  contingency fee agreement.

As Plaintiff's counsel points out, the award notice in this case does not explicitly state the total amount of past-due benefits being awarded.   However, the notice states that amounts totaling $30,538.75 have been withheld by the agency for the purpose of paying fees; because the agency withholds 25 percent of the past-due benefits for that purpose, the total benefit award was $143,355.00.   *See* Attachment 3 to Plaintiff's Motion.

Although § 406(b) does not prescribe the factors to be applied in evaluating the reasonableness of the fee, the United States Supreme Court has discussed in general the items to be considered. *Gisbrecht*, 535 U.S. at 808. Specifically, the Court has held that contingent fee agreements are permissible under § 406(b). *Gisbrecht*, 535 U. S. at 808-09. The Court must, however, determine that the terms of the agreement are reasonable. *Id.* If the agreement is reasonable, it should be given significant weight in fixing a fee; however, the Court should also consider other factors, including the time expended by counsel as well as the quality of the legal work. *Gisbrecht,* 535 U.S. at 808. The "lodestar" method should not be applied in determining the reasonableness of a fee in a Social Security case where a plaintiff has executed a contingent fee contract. *Id.* at 806. Instead, the Court should examine the quality of the legal representation, and may reduce a requested fee if the work was substandard, if there were unnecessary delays, or if the representation was otherwise deficient. *Gisbrecht*, 535 U. S. at 808.

In this case, the parties' contingent fee agreement establishes a maximum fee of 25 percent of any past due benefits awarded, subject to reduction by any award of fees pursuant to the EAJA. The agreement provides that, if a favorable decision does not result, Plaintiff will owe no attorney fees. In addition, the contract requires payment by the Plaintiff of filing fees and other expenses related to the pursuit of her claim in a federal court action. *See* Attachment 1 to Motion. Having examined the terms and provisions of the contingent fee agreement, the Court finds that it is reasonable.

With respect to the other factors to be considered in assessing a reasonable fee, the Court finds that the quality of the work performed and the amount of time expended warrant an award in the amount requested. Counsel pursued Plaintiff's claim in a timely manner, and was successful in

achieving a reversal of the Defendant's decision and a remand of the matter for further consideration.  Upon remand, Plaintiff was determined to qualify for benefits, and past-due benefits were awarded in a substantial amount.

Having fully considered the terms of the contingent fee contract, the work performed by counsel in this case, and the results obtained, the Court concludes that the requested fee of $20,000.00 represents a fair and reasonable fee.   Accordingly, the Motion [Doc. No.24] is GRANTED.  The Defendant is directed to pay the amount of  $20,000.00 to Plaintiff's counsel, Steve A. Troutman of Troutman & Troutman, P.C., as total payment of the attorney fee to be awarded pursuant to § 406(b).  Upon receipt of same, Plaintiff's counsel shall refund to Plaintiff the EAJA fee previously awarded and paid to counsel.

IT IS SO ORDERED this 10th day of November, 2008.

_____

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE